**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:19-CV-226-RJC-DSC**

| | |
|---|---|
| LISA CAROL RUDISILL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH CAROLINA STATE BOARD OF ELECTIONS, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss" (document #7) and Plaintiff's "Request for Leave to Amend Complaint" (document #11), as well as the parties' briefs and exhibits.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Having fully considered the arguments, the record, and the applicable authority, the Court will <u>deny</u> Plaintiff's Request for Leave to Amend Complaint and respectfully recommend that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 10, 2019, *pro se* Plaintiff filed her Complaint challenging "the NC Board of Elections … investigat[ion into] the 9th Congress. Dist. 2018 Election in early 2019 after new board members were appointed by the Gov. and pressured the incumbent Mark Harris into conceding

1

the race and opening a new election." Document #1 at 2.  Plaintiff seeks "an Injunction to stop the current election activities…" Id. at 5.  The special election in the Ninth Congressional District will occur on September 10, 2019.

On June 7, 2019, Defendant moved to dismiss based upon several grounds including Plaintiff's lack of standing.

On July 9, 2019, Plaintiff filed her Request for Leave to Amend Complaint.  Plaintiff seeks to "amend the named defendants."  Document #11 at 1.

The parties' Motions are ripe for disposition.

## II. DISCUSSION

The existence of subject matter jurisdiction is a threshold issue. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

In order to satisfy the standing requirement found under Article III, Section 2 of the U.S. Constitution, "the party invoking federal court jurisdiction must show that (1) it has suffered an injury in fact, (2) the injury is fairly traceable to the defendants' actions, and (3) it is likely, and

not merely speculative, that the injury will be redressed by a favorable decision." Long Term Care Partners, LLC v. United States, 516 F.3d 225, 230-231 (4th Cir. 2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992)); see also Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 154 (4th Cir. 2000)(en banc). To meet the first requirement the plaintiff "must demonstrate an injury in fact that is concrete and particularized, and actual or imminent, as opposed to conjectural or hypothetical." Long Term Care, 516 F.3d at 230-31. The standing requirement is designed to guarantee that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of the dispute appropriate. Id. (citing Emery v. Roanoke City Sch. Bd., 432 F.3d 294, 298 (4th Cir. 2005) (internal quotations omitted)). See also Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017); David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013); Disabled Patriots of Am., Inc. v. Fu, No. 3:08CV542-RJC-DSC, 2009 WL 1470687, at *2 (W.D.N.C. May 26, 2009).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff clearly lacks standing to bring this action. "It is well settled that under Article III of the United States Constitution, a plaintiff must establish that a 'case or controversy' exists

'between himself and the defendant' and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" Smith v. Frye, 488 F.3d 263 (4th Cir. 2007) (citing Warth v. Seldin, 422 U.S. 490, 498–99 (1975)).  A voter lacks standing to "assert the rights of third-party elected officials or 'voters' generally." Dyer v. Maryland State Bd. of Educ., 187 F. Supp. 3d 599, 610 (D. Md. 2016), aff'd, 685 F. App'x 261 (4th Cir. 2017). Stated differently, "a voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate." Crist v. Comm'n on Presidential Debates, 262 F.3d 193, 195 (2d Cir. 2001) (per curiam).

Accordingly, Plaintiff's Request for Leave to Amend Complaint is denied as futile.  The undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

## III. ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Request for Leave to Amend Complaint" (document #11) is **DENIED**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss" (document #7) be **GRANTED** and that the Complaint be **DISMISSED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections

to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, counsel for Defendant, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: September 4, 2019

David S. Cayer
United States Magistrate Judge